IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RACHEL HIGGINS, as Personal
Representative of the Estate of
John T. Sanchez,

    Plaintiff,

v.

                                      Case No. 1:24-cv-00167-MIS-DLM

BERNALILLO COUNTY BOARD
OF COMMISSIONERS, et al.,

    Defendants.

## ORDER GRANTING DEFENDANT NATASHA BUSTAMANTE'S 12(b)(6) MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant Natasha Bustamante's 12(b)(6) Motion to Dismiss, ECF No. 15, filed April 2, 2024. Plaintiff Rachel Higgins, as Personal Representative of the Estate of John T. Sanchez, filed a Response on April 16, 2024, ECF No. 22, to which Bustamante filed a Reply on April 29, 2024, ECF No. 26. Upon review of the Parties' submissions and the relevant law, the Court will **GRANT** the Motion.

**I.**     **Background[1]**

On June 12, 2023, John T. Sanchez was experiencing withdrawal and detox symptoms while being held at the Bernalillo County Metropolitan Detention Center ("MDC"). ECF No. 1 ¶¶ 12-13. At that time, Defendant Bernalillo County Board of Commissioners contracted with Defendant Corizon Health of New Mexico, LLC ("Corizon") to provide medical, dental, mental

---

[1] The Court accepts the truth of all well-pleaded factual allegations in Plaintiff's Complaint and draws all reasonable inference in Plaintiff's favor.

health, and psychiatric services to MDC inmates.  Id. ¶ 7.  Defendant Bustamante was employed by Corizon as a nurse at MDC, and was working at MDC on June 12, 2023.  Id. ¶ 8.

Mr. Sanchez complained of needing medical attention to treat his detox symptoms, which were causing him to become argumentative with other inmates.  Id. ¶¶ 15-16.  As a result, Mr. Sanchez was taken to the medical unit and seen by the nursing staff.  Id. ¶ 17.

Following his checkup, corrections officers were escorting Mr. Sanchez back to his pod when he slipped and fell on his pant legs.  Id. ¶¶ 17, 19.  Officers handcuffed Mr. Sanchez and called for the Critical Emergency Response Team ("CERT").  Id. ¶ 21.  Defendant Stephen Gabaldon was one of the CERT team members to respond.  Id. ¶ 23.  As the CERT team was escorting Mr. Sanchez to the restrictive housing unit, Mr. Sanchez again slipped on his pant legs.  Id. ¶ 29.  "In response, Defendant Gabaldon slammed Mr. Sanchez headfirst onto the concrete/tile surface of Metropolitan Detention Center's floor while simultaneously sweeping Mr. Sanchez's legs out from underneath him, causing immediate life-threatening injuries to Mr. Sanchez's head, neck, and spine."  Id. ¶ 30.  The impact broke Mr. Sanchez's spine and neck, compressed several vertebrae, caused several spinal fractures, and caused Mr. Sanchez's brain to bleed.  Id. ¶ 39.

Mr. Sanchez was transported back to the medical unit "where he was not provided with treatment."  Id. ¶ 40.  "Despite him suffering a significant injury to his head, neck, and spine, Defendant Corizon failed to conduct basic medical diagnostic work and treatment, nor was Mr. Sanchez transported for medical treatment."[2]  Id. ¶ 41.  "Instead, Defendant Corizon immediately cleared Mr. Sanchez to be returned to his cell."  Id. ¶ 49.

---

[2]   Although the Complaint alleges that "Defendant Corizon" failed to diagnose and treat Mr. Sanchez, ECF No. 1 ¶ 41, Plaintiff asserts—and Bustamante does not dispute—that Bustamante was the Corizon employee who is alleged to have failed to diagnose and treat Mr. Sanchez.  See ECF No. 22 at 2 n.2; ECF No. 26 at 10 (construing the Complaint as alleging that "Defendant Corizon, through its employee, nurse Bustamante," violated Mr. Sanchez's rights) (citing ECF No. 1 ¶¶ 41-46).

Defendants did not monitor Mr. Sanchez for symptoms of traumatic brain injury. Id. ¶¶ 50-51. Forty-five minutes later, Mr. Sanchez was found seizing in his cell. Id. ¶ 52. When Mr. Sanchez began to vomit while convulsing from seizure-like symptoms, Defendants requested that he be transferred to the University of New Mexico Hospital. Id. ¶¶ 53-54. Mr. Sanchez ultimately died as a result of his injuries. Id. ¶ 144.

On February 20, 2024, Plaintiff filed a Complaint against the Bernalillo County Board of Commissioners, Jason Jones in his capacity as Chief of MDC, Gabaldon, Corizon, and Bustamante. ECF No. 1. As relevant here, Count XI of the Complaint asserts that Bustamante and Corizon were deliberately indifferent to Mr. Sanchez's serious medical needs in violation of the Fourteenth Amendment to the U.S. Constitution. Id. ¶¶ 135-44.

On April 2, 2024, Bustamante filed the instant Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 15. Plaintiff filed a Response, ECF No. 22, to which Bustamante filed a Reply, ECF No. 26.

## II.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." Id. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the

plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

### III. Discussion

Bustamante argues that Count XI fails to allege sufficient facts to support a claim against her for deliberate indifference. ECF No. 15 at 5. Specifically, she argues that the Complaint contains no allegations regarding the nature of Mr. Sanchez's injuries or symptoms at the time he presented to the medical unit at MDC and was treated by Bustamante. Id. at 8-10. As such, she argues that Plaintiff fails to satisfy the objective and subjective prongs of the deliberate indifference analysis. Id. She argues that "Plaintiff's Complaint alleges no more than a difference of opinion in medical judgment arguing that a different course of care or treatment should have been employed, which is insufficient to state a claim for a constitutional violation." Id. at 11 (citing Sparks v. Singh, 690 F. App'x 598, 608 (10th Cir. 2017); Heidtke v. Corr. Corp. of Am., 489 F. App'x 275, 280 (10th Cir. 2012); Boyett v. Cnty. of Wash., 282 F. App'x 667, 676 (10th Cir. 2008)).

Plaintiff argues that Mr. Sanchez "suffered a severe head injury by force after he was body slammed onto a concrete floor without any break in his fall because his hands were cuffed behind his back." ECF No. 22 at 7. She argues that she has satisfied the objective prong of the deliberate indifference analysis because "[a]ny medical professional would immediately recognize those events require basic medical diagnostic testing, including motor examinations, sensory examinations, reflex examinations, or a referral to receive CT and/or MRI scans through referral to UNMH." Id. (citing ECF No. 1 ¶¶ 24, 29-30, 35-51). She argues that she has satisfied the subjective prong of the deliberate indifference analysis because (1) "there was circumstantial evidence of a head, neck, and brain injury given the mechanism of force used on Mr. Sanchez[,]"

4

and (2) Plaintiff alleged "that Defendant Bustamante acted as a gatekeeper and failed to allow Mr. Sanchez to be seen proper medical personnel for his medical condition and delay cause worsening of his condition, resulting in his death[,]" id. at 8 (citing ECF No. 1 ¶¶ 24, 29-30, 35-54). In the event the Court disagrees with Plaintiff, she requests leave to amend the Complaint.³ Id. at 8-9.

In her Reply, Bustamante maintains that the allegations against her "are simply 'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action,' and 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 3 (quoting Iqbal, 556 U.S. at 678). She maintains that the Complaint fails to allege facts regarding Mr. Sanchez's presentation to Bustamante "at the time Plaintiff alleges that she 'failed to identify' or 'failed to treat' or that his injuries were 'immediately life-threatening[,]' or that she did not 'evaluate' or 'provide a CT scan or MRI[.']" Id. at 4. She argues, for example, that

> Plaintiff's Complaint fails to identify any signs or symptoms (e.g. bruising, contusions, swelling, bleeding, complaints of disorientation, signs or symptoms that Mr. Sanchez was not alert and oriented, complaints of injury, or other notable

---

³ Plaintiff argues that amendment would not be futile because "[s]ince the filing of the Complaint, [Plaintiff] has retained a preliminary expert opinion . . . that Defendant Bustamante's actions pass the objective and subjective components of the deliberate indifference analysis." ECF No. 22 at 8 (citing Case Investigation, Assessment, and Opinion of Ryan D. Herrington, MD, MPH ("Herrington Report"), ECF No. 22-1).
  In her Reply, Bustamante objects to and moves to strike the Herrington Report, arguing that the Court may not consider matters outside the pleadings on a Rule 12(b)(6) motion without converting it into a motion for summary judgment, and given that this case is at its very earliest stages, the Court should not convert Bustamante's Rule 12(b)(6) motion into a motion for summary judgment. ECF No. 26 at 1-3.
  Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Rule 12(b)(6) motion to dismiss is not a pleading subject to Rule 12(f). See Fed. R. Civ. P. 7(a); see also Ysais v. N.M. Jud. Standard Comm'n, 616 F. Supp. 2d 1176, 1191 (D.N.M. 2009). Consequently, the motion to strike is denied.
  However, "[a] motion to dismiss challenging the legal sufficiency of the complaint is properly considered under Rule 12(b)(6) if the court analyzes only the complaint itself." Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1103 (10th Cir. 2017) (citing Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.")). "When a party presents matters outside of the pleadings for consideration, as a general rule 'the court must either exclude the material or treat the motion as one for summary judgment.'" Id. (quoting Alexander v. Oklahoma, 382 F.3d 1206, 1214 (10th Cir. 2004)).
  Although the Court construes Plaintiff's filing of the Herrington Report as support for her argument that, in the event the Court finds the Complaint fails to state a claim against Bustamante, amendment would not be futile, the Court excludes the Herrington Report from its consideration of Bustamante's Motion to Dismiss. See id.

5

>signs of any injury, etc.) that should have caused nurse Bustamante to identify, treat, evaluate, order a CT scan, order an MRI, or refer Mr. Sanchez to the hospital. Plaintiff's Complaint does not allege that nurse Bustamante was informed of the alleged "barbarous slam to the ground" as the mechanism of injury.

Id. As such, she argues that the Complaint fails to allege a factual basis that would satisfy the objective and subjective prongs of the deliberate indifference analysis. Id. (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)); see also id. at 4-7.

"The Fourteenth Amendment prohibits deliberate indifference to a pretrial detainee's serious medical needs." Strain v. Regalado, 977 F.3d 984, 987 (10th Cir. 2020). To state a claim, the plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 989 (quoting McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001) (quoting Estelle, 429 U.S. at 106)). "This standard includes both an objective component and a subjective component." Id. (citing Clark v. Colbert, 895 F.3d 1258, 1267 (10th Cir. 2018)).

"To establish the objective component, 'the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension.'" Id. at 989-90 (quoting Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994))). "'A medical need is [objectively] serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. at 990 (quoting Clark, 895 F.3d at 1267).

To establish the subjective component, the plaintiff must "establish that a medical 'official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference.'" Id. (quoting Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005) (quoting Farmer, 511 U.S. at 837)). "[A] misdiagnosis, even if rising to the level of

6

medical malpractice, is simply insufficient under [Tenth Circuit] case law to satisfy the subjective component of a deliberate indifference claim." Id. at 996 (quoting Self, 439 F.3d at 1234).

First, the Court finds that the Complaint fails to satisfy the objective component of a deliberate indifference claim because it alleges no facts from which the Court could infer that Mr. Sanchez's injuries were so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The Complaint alleges that while being escorted to the restrictive housing unit, Mr. Sanchez slipped on his pant legs. ECF No. 1 ¶ 29. "In response, Defendant Gabaldon slammed Mr. Sanchez headfirst onto the concrete/tile surface of Metropolitan Detention Center's floor while simultaneously sweeping Mr. Sanchez's legs out from underneath him, causing immediate life-threatening injuries to Mr. Sanchez's head, neck, and spine." Id. ¶ 30. "Defendant Gabaldon succeeded in breaking Mr. Sanchez's spine and neck, compressing several vertebrae, and causing several spinal fractures[,]" and "Mr. Sanchez's brain immediately bled from the impact." Id. ¶ 39.

However, even when construed in the light most favorable to Plaintiff, the Complaint does not allege that Bustamante witnessed this event or that the event was described to her. See id. ¶ 40 (alleging that after the event "Mr. Sanchez was transported to medical where he was not provided with treatment[,]" suggesting that he had to travel to Bustamante). Furthermore, there are simply no allegations that Mr. Sanchez presented any signs or symptoms of injury to Bustamante once he reached the medical unit. For example, there is no allegation that Mr. Sanchez had any bleeding, bruises, swelling, disorientation, or other signs of injury from which the Court could plausibly infer that Mr. Sanchez's injury was "'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Strain, 977 F.3d at 990 (quoting Clark, 895 F.3d at 1267). The lack of such factual allegations is particularly significant in this case

7

because brain, neck, and spinal injuries are not necessarily visible. Cf. Kelson v. Clark, 1 F.4th 411, 421 (5th Cir. 2021) (finding that paramedics were not entitled to qualified immunity for failing to provide medical treatment to plaintiff with a visible head injury who later died).

The Court acknowledges that Count XI alleges that "[f]ollowing the attack, [Mr.] Sanchez informed Defendant Bustamante of the amount of pain that he was in, which made clear that he needed immediate hospitalization." ECF No. 1 ¶ 141. However, the allegation that Mr. Sanchez informed Bustamante "of the amount of pain that he was in" is vague, and the allegation that Mr. Sanchez's complaints "made clear that he needed immediate hospitalization" is conclusory and not well-pleaded.[4] Indeed, the Complaint does not allege that Mr. Sanchez informed Bustamante that he was experiencing pain in his head, neck, and/or back. Even accepting as true the allegation that Mr. Sanchez described to Bustamante the amount of pain that he was in, the Court finds that it does not plausibly allege the objective component of a deliberate indifference claim. See Hale v. Cox, Case No.: 2:16-cv-02433-JAD-NJK, 2018 WL 5283429, at *3 (D. Nev. Oct. 24, 2018) (finding that the plaintiff failed to state a claim for deliberate indifference where the complaint "allege[d] that some medical staff, not named as defendants, ignored [the plaintiff's] cries for help and requests about pain, and he was not given x-rays, medication, or photos of his bruises[,] . . . [did] not state any details about what help he was requesting from which medical staff over what period of time, what injuries and pain he suffered over what period of time, why he felt he needed x-rays, or what medication or treatment he felt he needed for what injuries"); Fernandini v. United

---

[4] Count XI contains other vague, conclusory, and not well-pleaded allegations. See, e.g., ECF No. 1 ¶ 140 ("The physical trauma to John Sanchez and physical pain that he described made it apparent that John Sanchez required immediate hospitalization."); id. ¶ 142 ("Defendant Bustamante could see that John Sanchez was in obvious and intense physical distress following the attack."); id. ¶ 143 ("Defendant Bustamante consciously disregarded John Sanchez's clear need to be hospitalized to address the extremely serious physical, life threatening injuries he sustained in the attack by Defendant Gabaldon.").

8

States, 1:15-cv-3843-GHW, 2017 WL 3208587, at *9 (S.D.N.Y. July 26, 2017) (finding that the plaintiff's complaints to medical staff of chest pains did not satisfy the objective component of deliberate indifference claim). Consequently, the Court finds that the Complaint fails to satisfy the objective component of the deliberate indifference claim asserted against Bustamante. See Fletcher v. Unified Gov't of Wyandotte Cnty., Kan., CASE NO. 19-3128-SAC, 2019 WL 6492633, at *3 (D. Kan. Dec. 3, 2019) (finding that the plaintiff failed to plausibly allege deliberate indifference to serious medical need where the arresting officers failed to take the plaintiff to the hospital for treatment for broken ribs and lung damage because "[t]he injuries he claims to have had were not of the type that would have been so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and he alleged "'no swelling, discoloration, bleeding, or [visible] broken bones that would make his injury as one obviously needing immediate medical care'") (quoting Barron v. Macy, 268 F. App'x 800, 801 (10th Cir. 2008)).

Second, the Court finds that the Complaint fails to satisfy the subjective component of a deliberate indifference claim because there are simply no well-pleaded factual allegations that Bustamante knew of and disregarded an excessive risk to Mr. Sanchez's health or safety. In this regard, the Complaint merely alleges that "[f]ollowing the barbarous slam, Mr. Sanchez was transported to medical where he was not provided with treatment." ECF No. 1 ¶ 40. However, because the Complaint fails to allege that Bustamante witnessed the "barbarous slam," that anyone informed Bustamante of the "barbarous slam," or that Mr. Sanchez presented any signs or symptoms of a head, neck, or spinal injury, it fails to plausibly allege that Bustamante was aware of facts from which the Court could draw the inference that a substantial risk of serious harm existed and that she drew that inference. See Barron, 268 F. App'x at 801 (affirming district court's dismissal of a pretrial detainee's claim of deliberate indifference to a broken finger, finding that

the plaintiff failed to satisfy the subjective component because he "cited no swelling, discoloration, bleeding, or [visible] broken bones that would make his injury as one obviously needing immediate medical care"); see also Ellis v. Myers, Case No. 3:14-CV-1575 JD, 2019 WL 4219225, at *9 (N.D. Ind. Sept. 4, 2019) (granting summary judgment in favor of prison nurse on deliberate indifference claim arising out of injuries suffered when correctional officers allegedly used excessive force on the plaintiff, finding that the plaintiff failed to establish the subjective component where there was "no evidence that [the nurse] knew any facts regarding the incident with the correctional officers or the nature of the excessive force [the plaintiff] alleges was used against him[,]" and there was otherwise no evidence that the nurse knew of the plaintiff's head injury, headaches, or other injuries).

Even accepting as true that Mr. Sanchez suffered head, neck, and spinal injuries, id. ¶¶ 39-40, and that he informed Bustamante "of the amount of pain that he was in," id. ¶ 141, the allegation that Mr. Sanchez "was not provided with treatment" by the medical staff at best gives rise to the plausible inference that Bustamante misdiagnosed him—after all, Mr. Sanchez was also suffering from detox and withdrawal symptoms, id. ¶¶ 13-18. However, "[a] misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient under [Tenth Circuit] case law to satisfy the subjective component of a deliberate indifference claim." Stain, 977 F.3d at 996 (quoting Self, 439 F.3d at 1234). See also Rodriguez v. Bexar Cnty., Civil Action No. SA-18-CV-248-XR, 2018 WL 4431433, at *8 (W.D. Tex. Sept. 17, 2018) ("Although Plaintiff alleges that [a medical staff member] 'disregard[ed] [his] complaints of pain and illness to the point of not performing necessary diagnostic techniques' and did not refer 'serious complaints of pain or paralysis to a licensed physician in a timely manner,' Plaintiff's Complaint fails to allege that [the medical staff member] knew of a substantial risk . . . that Plaintiff was suffering from a potential

spinal infection because it was obvious or that she deliberately ignored such a risk by failing to refer him to a physician or to order more tests"); Nisvis v. N.Y. State Dep't of Corr. Servs., No. 11 Civ.2004(PGG)(GWG), 2013 WL 4757839, at *5 (S.D.N.Y. Sept. 4, 2013) ("That a nurse was dismissive of his complaints of pain is insufficient to show deliberate indifference.") (citing Brown v. White, Civil Action No. 9:08-cv-200 (GLS/ATB), 2010 WL 985184, at *11 (N.D.N.Y. Mar. 15, 2010) (finding that the fact that a nurse was "completely dismissive" of plaintiff's claims was insufficient by itself to support a claim that she acted with deliberate indifference to a serious medical need)). Accordingly, the Court finds that the Complaint fails to satisfy the subjective component of the deliberate indifference claim asserted against Bustamante. See Garcia v. Robinson, Civil No. 21-5200(RMB-AMD), 2021 WL 3012861, at *4 (D.N.J. July 16, 2021) (finding that the complaint failed to allege the subjective component of a deliberate indifference claim against a prison nurse where the plaintiff "merely allege[d] that [an] attack resulted in injuries to Plaintiff's back/spine, arm and, hand and that the . . . nurse provided minor medical attention"); Gutierrez v. L.A. Cnty. Sheriff, No. CV 14–8296–ODW (DFM), 2015 WL 4910577, at *4 (C.D. Cal. June 24, 2015) (finding that the allegation that "when Plaintiff tried to tell Sgt. Ponce about his knee pain, Sgt. Ponce 'ignored Plaintiff's concerns and plea for help[,]'" without more, was "insufficient to demonstrate that Ponce was subjectively aware that Plaintiff had a serious medical condition and yet was purposefully and deliberately indifferent").

IV.     **Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1. Defendant Natasha Bustamante's 12(b)(6) Motion to Dismiss, ECF No. 15, is **GRANTED**;
2. Count XI of the Complaint is **DISMISSED WITHOUT PREJUDICE** to the extent it is alleged against Bustamante; and

11

3. Plaintiff shall have **FOURTEEN DAYS** from the date of this Order within which to file an Amended Complaint.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE