IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RACHEL HIGGINS, as Personal
Representative of THE ESTATE OF JOHN
T. SANCHEZ,

    Plaintiff,

v.                                               No. 1:24-cv-00167-MIS-DLM

BERNALILLO COUNTY BOARD OF
COMMISSIONERS, JASON JONES, in his
capacity as Chief of the Metropolitan
Detention Center and in his individual
capacity as a jailer, STEPHEN
GABALDON, in his capacity as a jailer at
the Metropolitan Detention Center and in his
individual capacity, CORIZON HEALTH
OF NEW MEXICO, LLC, and NATASHA
BUSTAMANTE,

    Defendants.

**ORDER DENYING DEFENDANT NATASHA BUSTAMANTE'S RENEWED 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**THIS MATTER** is before the Court on Defendant Natasha Bustamante's Renewed 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint, filed June 17, 2024. ECF No. 32. Plaintiff Rachel Higgins responded, ECF No. 37, and Defendant replied, ECF No. 38. Upon due consideration of the parties' submissions and the relevant law, the Court will **DENY** the Motion.

**I.    FACTUAL BACKGROUND[1]**

On June 12, 2023, while being detained pretrial, corrections officers allegedly "slammed [John T.] Sanchez headfirst onto the concrete/tile surface of Metropolitan Detention Center's floor

---

[1] The Court accepts the truth of all well-pleaded factual allegations in Plaintiff's Amended Complaint and draws all reasonable inferences in Plaintiff's favor for the purposes of this Motion.

1

while simultaneously sweeping Mr. Sanchez's legs out from underneath him, causing immediate life-threatening injuries to Mr. Sanchez's head, neck, and spine." ECF No. 29 ¶¶ 12, 30. Recognizing a need for medical attention based on what they witnessed, unnamed guards immediately escorted Mr. Sanchez to the medical facility. *Id.* ¶¶ 40, 45. The guards informed Nurse Bustamante of the use of force against Mr. Sanchez, including that his head and neck were slammed, as the reason for being seen. *Id.* ¶ 41. While he "was disoriented and was barely able to articulate" his injuries, Mr. Sanchez verbally confirmed the guards report and added that he "just hurt so bad." *Id.* ¶¶ 42-44. Mr. Sanchez "had visible injuries that include contusion on his forehead, as well as contusions and cuts to his nose and above his left eye." *Id.* ¶ 43. As alleged, Nurse Bustamante did not order diagnostic exams, provide any treatment, or accurately create a medical record. *Id.* ¶¶ 50-53. Forty-five minutes after guards returned him to his cell, Mr. Sanchez convulsed and vomited from his injuries. *Id.* ¶¶ 65-67. He was then transferred to UNM Hospital at Defendants' request, *id.* ¶ 67, where he died some unspecified time later as a result of his injuries, *id.* ¶ 144.[2]

After Count XI against Defendant Bustamante was dismissed without prejudice, ECF No. 28 at 11-12, Plaintiff filed an Amended Complaint on June 3, 2024, alleging violations of the New Mexico Constitution Article II, Section 10, ECF No. 29 ¶¶ 70-107, various torts, *id.* ¶¶ 108-34 (108-51),[3] and relevant to the instant Motion, Count XI, a violation of Mr. Sanchez's Fourteenth Amendment right to be free from deliberate indifference of a serious medical need, *id.* ¶¶ 135-44

---

[2] The Court finds that paragraphs 46, 47, 48, 49, 51, 52, and 53 are conclusory and not well-pleaded. ECF No. 29 ¶¶ 46, 47, 48, 49, 51, 52, 53.

[3] The Amended Complaint misnumbers paragraphs: the first paragraphs are numbered 1-117, followed by 101-155, for a total of 172 paragraphs. For clarity, this Order will first cite to the paragraphs as they are numbered in the Amended Complaint and then in parentheses note the actual, sequential paragraph numbers if applicable.

(152-61). Defendant Bustamante filed the instant Renewed 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint on June 17, 2024. ECF No. 32. Plaintiff filed a Response on July 15, 2024, ECF No. 37, and Defendant filed a Reply on July 26, 2024, ECF No. 38.

## II. LEGAL STANDARDS

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court takes all well-pleaded facts as true and draws all reasonable inferences in the light most favorable to the non-moving party. *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019). The factual allegations in the complaint against a defendant "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citation omitted); *see also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) ("[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims."). The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action" because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted).

## III. DISCUSSION

Plaintiff alleges that Defendant Bustamante violated his Fourteenth Amendment right to be free from deliberate indifference to serious medical need. ECF No. 29 ¶¶ 135-44 (152-161). Defendant asks the Court to dismiss Count XI against her for failure to state a claim. ECF No. 32 at 6-14.

Defendant Bustamante argues that Plaintiff does not allege "sufficient facts that nurse Bustamante was deliberately indifferent to a serious medical condition" and, instead, the allegations are no more than difference in medical opinion. *Id.* at 6; *see also id.* at 8 (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Jordan v. Fed. Bureau of Prisons*, 191 F. App'x 639, 648 (10th Cir. 2006) (citation omitted)). Defendant argues that nothing in the complaint establishes that Mr. Sanchez's medical needs were objectively obvious at the time of the examination. *Id.* at 8-10 (citing *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). Defendant also argues that the Amended Complaint "fails to establish nurse Bustamante knew the seriousness of Mr. Sanchez'[s] symptoms and injuries AND personally disregarded those alleged medical needs." *Id.* at 11 (emphasis hers) (citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009)); *see also id.* at 12-13 (arguing that the need for additional treatment is a medical judgment).

Plaintiff argues that Mr. Sanchez's serious need for medical attention was obvious because "[a]ny lay person or medical professional would immediately recognize those events require basic medical diagnostic testing, including motor examinations, sensory examinations, reflex examinations, or a referral to receive CT and/or MRI scans through referral to UNMH." ECF No. 37 at 8.[4] They add that the visible injuries and disorientation of Mr. Sanchez would also indicate to a medical or lay person that he had a serious need for medical attention. *Id.* at 8-9. Plaintiff also argues that Defendant Bustamante had a culpable state of mind because she was aware of Mr.

---

[4] Plaintiff also argues that the Tenth Circuit has rejected applying an obvious-to-a-layperson standard to the objective component. *See id.* at 8 (citing *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1139 (10th Cir. 2023). However, in *Lucas*, the court explicitly identifies the obvious-to-a-layperson standard vis a vis the objective component before analyzing whether a risk was obvious as part of its determination of the subjective component and a prison official's requisite knowledge. *See Lucas*, 58 F.4th at 1136.

Sanchez's serious need for medical attention and failed to act. *See id.* at 9-10.[5, 6]

Defendant replies that Plaintiff's allegations are insufficient because they are conclusory. ECF No. 38 at 3-4. Defendant also argues that Plaintiff does not allege any signs or symptoms of a head injury at the time that Mr. Sanchez met with Defendant Bustamante and the specific injuries alleged ("a contusion, two cuts, and questionable disorientation") are common injuries not sufficient to claim deliberate indifference. *Id.* at 4-5. Further, Defendant argues that no allegations establish that she knew Mr. Sanchez had a serious medical need at the time of the exam and despite her knowledge failed to act. *Id.* at 5-10.

Under the Fourteenth Amendment, pretrial detainees have a right to be free from deliberate indifference to serious medical need. *See Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (applying the same standard as deliberate indifference made by a convicted prisoner under the Eighth Amendment) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Garcia v. Salt Lake Cnty.*, 768 F.2d 303, 307 (10th Cir. 1985); *Estate of Hocker by Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994)). "To state a cognizable claim, Plaintiff 'must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Id.* (quoting *McBride v.*

---

[5] Plaintiff argues in the alternative that the subjective prong is met because Defendant failed as a gatekeeper. *Id.* (citing *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000)). As discussed below, the Court finds that the subjective component of the deliberate indifference test is met. Therefore, the Court does not consider the gatekeeper test in its analysis.

[6] Plaintiff also attached four exhibits to her Response and argues that Defendant's argument relies on records extrinsic to the pleadings, creating a clear dispute of material facts that should convert Defendant's Motion to Dismiss to one for summary judgment. ECF No. 37 at 11-12 (citing *Armstrong v. N.M. Disability Determination Servs.*, 278 F. Supp. 3d 1193, 1208 (D.N.M. 2017)). Defendant argues that Plaintiff is the party who included extrinsic evidence in her Response, that none of the evidence is material to Mr. Sanchez at the time he was seen by Defendant, and Defendant would be prejudiced if her Motion to Dismiss was converted into a Rule 56 Motion for Summary Judgment because the case is in the early stages of discovery. ECF No. 38 at 11-12. Defendant also requests that the four exhibits be stricken from Plaintiff's Response.
   The Court declines to consider the extrinsic material and declines to convert the Motion into one for Summary Judgment. The Court notes Defendant's request to strike Plaintiff's exhibits but finds it an unnecessary remedy in light of the Court's ability to simply conduct its analysis without consideration of the material.

*Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001)). Further, the claim must include an objective and subjective component. *Id.* "A medical need is [objectively] serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 990 (alteration in original and citation omitted). A plaintiff has properly pleaded the subjective requirement when "a medical 'official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference.'" *Id.* (quoting *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (alteration in original) (quoting *Farmer*, 511 U.S. at 837)). The Court does not second-guess a medical assessment or course of treatment and "a misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient under our case law to satisfy the subjective component of a deliberate indifference claim." *Id.* at 996 (quotation marks and citation omitted).

  First, the Court finds that the Amended Complaint satisfies the objective component of the deliberate indifference claim because, if taken as true and construed in the light most favorable to Plaintiff, it plausibly alleges a sufficiently serious medical need at the time that Bustamante saw Mr. Sanchez. *See id.* at 990. As alleged, upon arrival at the medical facility, guards described how Mr. Sanchez received his injuries and the reason for his visit—i.e. that "Defendant Gabaldon slammed Mr. Sanchez headfirst onto the concrete/tile surface of Metropolitan Detention Center's floor while simultaneously sweeping Mr. Sanchez's legs out from underneath him, causing immediate life-threatening injuries to Mr. Sanchez's head, neck, and spine." *See* ECF No. 29 ¶¶ 30, 40, 41. At the time that Nurse Bustamante saw Mr. Sanchez, he allegedly presented visible signs of injury to his head, including contusions and cuts. *See id.* ¶ 43. Further, Mr. Sanchez allegedly informed Nurse Bustamante that he sustained injuries to his neck and head, "was barely

6

able to articulate[,]" and indicated that he was in pain. *See id.* ¶¶ 42, 44. Taken together, assuming true as alleged, and in the light most favorable to the plaintiff, the Court can plausibly infer that Mr. Sanchez's injury was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See Strain*, 977 F.3d at 990 (citation omitted).

Second, the Court finds that the Amended Complaint satisfies the subjective component of the deliberate indifference claim because, if taken as true and construed in the light most favorable to Plaintiff, it plausibly alleges that Defendant Bustamante knew of and disregarded an excessive risk to Mr. Sanchez's health. *See id.* (citation omitted). Nurse Bustamante was aware of Mr. Sanchez's serious medical need, as discussed above—specifically, that the unnamed guards told her that his head and neck were slammed on the ground, he had a contusion and cuts, and he was barely able to articulate. *See* ECF No. 29 ¶¶ 30, 40, 41; *Martinez*, 563 F.3d at 1089 (although not necessarily conclusive, knowledge of a substantial risk of harm can be inferred from circumstantial evidence that shows "that the risk was obvious") (quoting *Farmer*, 511 U.S. at 842); *see also Mata*, 427 F.3d at 752 (reasoning that a factfinder can make that inference because "if a risk is obvious so that a reasonable man would realize it, we might well infer [the defendant] did in fact realize it") (quotation marks and citation omitted) (alterations theirs)); *Lucas*, 58 F.4th at 1139 (acknowledging that "a licensed medical professional's heightened knowledge and training can be highly relevant and may tend to show awareness of and disregard of a substantial risk"). Knowing that Mr. Sanchez had a serious medical need at the time that she saw him, as alleged, Nurse Bustamante "did not provide [the recommended] diagnostic exams and did not provide any treatment to Mr. Sanchez." ECF No. 29 ¶ 50. Taken together, assuming true as alleged, and in the light most favorable to the plaintiff, the Court can plausibly infer that Defendant Bustamante knew

of and drew an inference that a substantial risk of serious harm existed for Mr. Sanchez due to his injuries and that she disregarded that risk. *See Strain*, 977 F.3d at 990; *Mata*, 427 F.3d at 752.

Having met both the objective and subjective components, the Court finds that the Amended Complaint plausibly alleges a deliberate indifference claim against Defendant Bustamante.

## IV.   CONCLUSION

For the foregoing reasons, it is **HEREBY ORDERED** that Defendant Natasha Bustamante's Renewed Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 32, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE