IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RACHEL HIGGINS, as Personal
Representative of the Estate of
John T. Sanchez,

    Plaintiff,

v.

                                                               Case No. 1:24-cv-00167-MIS-DLM

BERNALILLO COUNTY BOARD
OF COMMISSIONERS, et al.,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**THIS MATTER** is before the Court on Plaintiff Rachel Higgins, as Personal Representative of the Estate of John T. Sanchez ("Plaintiff")'s Motion for Leave to File Second Amended Complaint, ECF No. 115, filed September 9, 2025. Defendants Corizon Health of New Mexico, LLC and Natasha Bustamante ("Defendants") filed a Response on September 24, 2025, ECF No. 124. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Motion.

**I.    Background**

On June 12, 2023, John T. Sanchez was being held at the Bernalillo County Metropolitan Detention Center ("MDC"). Am. Compl. ¶ 12, ECF No. 29. At that time, the Bernalillo County Board of Commissioners contracted with Defendant Corizon Health of New Mexico, LLC ("CHNM") to provide medical, dental, mental health, and psychiatric services to MDC inmates. Id. ¶ 7. The operative Amended Complaint alleges that Defendant Bustamante was employed by CHNM as a nurse at MDC, and was working at MDC on June 12, 2023. Id. ¶ 8.

On June 12, 2023, MDC staff "slammed Mr. Sanchez headfirst onto the concrete/tile surface of Metropolitan Detention Center's floor while simultaneously sweeping Mr. Sanchez's legs out from underneath him, causing immediate life-threatening injuries to Mr. Sanchez's head, neck, and spine." Id. ¶ 30. The impact broke Mr. Sanchez's spine and neck, compressed several vertebrae, caused several spinal fractures, and caused Mr. Sanchez's brain to bleed. Id. ¶ 39. Mr. Sanchez was transported to MDC's medical unit, but Bustamante "did not provide any . . . diagnostic exams and did not provide any treatment to Mr. Sanchez." Id. ¶¶ 40, 50. "Despite him suffering a significant injury to his head, neck, and spine, [CHNM] failed to conduct basic medical diagnostic work and treatment, nor was Mr. Sanchez transported for medical treatment." Id. ¶ 54. "Instead, [CHNM] immediately cleared Mr. Sanchez to be returned to his cell." Id. ¶ 62. Mr. Sanchez ultimately died as a result of his injuries. Id. ¶ 144.

On February 20, 2024, Plaintiff instituted this lawsuit. See Compl., ECF No. 1. On June 3, 2024, Plaintiff filed the operative Amended Complaint against, inter alia, CHNM and Bustamante. ECF No. 29 ¶¶ 7-8.

On October 31, 2024, the Court issued a Scheduling Order establishing a November 21, 2024 deadline to amend the complaint and join additional parties. ECF No. 49 at 1.

On September 9, 2025, Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint. ECF No. 115. On September 24, 2025, Defendants filed a Response. ECF No. 124. On October 9, 2025, Plaintiff filed a Notice that the Parties agreed to extend the deadline to file a reply to October 21, 2025. ECF No. 132. On October 21, 2025, Plaintiff filed another Notice that the Parties agreed to extend the deadline to file a reply, this time to November 11, 2025. ECF No. 138. Plaintiff did not file a timely reply.

**II.    Legal Standard**

Whether to grant a motion for leave to amend filed after the deadline to amend pleadings is a two-step inquiry. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1240-41 (10th Cir. 2014). Initially, the Court must determine whether the movant has demonstrated "good cause" for the amendment under Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Id. at 1240. "[T]his standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." Id. (internal quotation marks and citation omitted). If the movant establishes good cause under Rule 16(b)(4), the Court then must determine whether leave to amend is appropriate under Rule 15(a). Id. The Supreme Court has explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962). "When a party moving to amend seeks to join additional parties, the Federal Rules governing mandatory or permissive joinder are also implicated." Hawkins v. Bd. of Cnty. Comm'rs, Case No. 17-2687-KHV-ADM, 2019 WL 4034469, at *2 (D. Kan. Aug. 27, 2019) (citing Fed. R. Civ. P. 19 & 20).

**III.    Discussion**

Plaintiff seeks leave to amend the complaint to add two defendants: CHS TX, Inc. and the company that subsequently acquired it, YesCare Corp. ("YesCare"). See Mot. at 2, 6-7, 13. She asserts that during the course of discovery, Defendants "have produced documents which indicate that YesCare . . . was responsible for Mr. Sanchez's care on or about June 12, 2023, and that Defendant Bustamante was an employee of YesCare." Id. at 2; see also id. at 8. She cites the

3

following evidence as "blur[ring] any sort of line between YesCare and [CHNM,]" Mot. at 3: Mr. Sanchez's medical administration records which display "YesCare" at the top, ECF No. 115-2; Attestation Sheets from Bustamante's personnel file labeled "YesCare at Bernalillo Metropolitan Detention Center[,]" ECF No. 115-3; a Corrective Action Form issued to Bustamante on YesCare letterhead and identifying Bustamante as a YesCare team member, and which references training she received from CHNM, ECF Nos. 115-4, -5; a July 15, 2023 letter indicating that Bustamante was informed that management "terminate[d] her employment with YesCare effective immediately[,]" ECF No. 115-6; a Terminated Employee Personnel File Checklist Form issued to Bustamante on Corizon Health letterhead, ECF No. 115-7; an email regarding the events of June 12, 2023, from Bustamante to Jason Duran, ECF No. 115-8, who is listed on the Corrective Action Form on YesCare letterhead as "Manager," ECF No. 115-4; policies and training modules produced in discovery that variously appear on YesCare and Corizon Health letterhead, ECF No. 115-9; the contract between Bernalillo County and CHNM to provide medical, dental, mental health, and psychiatric services to MDC inmates, ECF No. 115-10; an insurance policy listing YesCare as the "First Named Insured" and CHNM (and others) as "Insured Organizations[,]" ECF No. 115-11; an excess insurance policy listing both CHNM and YesCare as Named Insureds, ECF No. 115-12; a Bernalillo County Office of Professional Standards Report of the incident identifying YesCare as the "former MDC contracted Medical provider" and identifying individual medical providers as "Yes Care Medical Staff Members[,]" ECF No. 115-13; Bustamante's deposition transcript in which she described CHNM becoming YesCare during her employment, ECF No. 115-14; and the deposition transcript of Louie Romero who indicates that YesCare was a medical service provider at MDC, ECF No. 115-15. Plaintiff argues that courts "routinely find that plaintiffs should be permitted to add defendants like YesCare, who are 'interrelated' and have 'potential alter ego

4

liability for largely the same underlying factual conduct' as defendants already named." Mot. at 8 (quoting Conde v. Sensa, 259 F. Supp. 3d 1064, 1070 (S.D. Cal. 2017), and citing Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc., 283 F.R.D. 142, 152 (S.D.N.Y. 2012); Marino v. Gotham Chalkboard Mfg. Corp., 259 F. Supp. 953, 954 (S.D.N.Y. 1966); Galion v. Conmaco Int'l, Inc., 658 P.2d 1130, 1133-34 (N.M. 1983)). Plaintiff further argues that Defendants will not be unduly prejudiced because she is not adding allegations of fact or causes of action against them. Id. at 10-11. Plaintiff further argues that the Second Amended Complaint is not unduly delayed or motivated by bad faith or dilatory intent, and is not futile. Id. at 11-13.

In their Response—which is supported by the affidavit of Corizon Health's former general counsel, Scott King, ECF No. 124-1—Defendants provide a corporate structure history explaining that as the result of a divisional merger, on May 5, 2022, CHNM became a subsidiary of CHS TX, Inc., but "remained a separate and distinct corporate entity and continued to be the responsible contracting party with Bernalillo County under the Professional Services Agreement." ECF No. 124 at 2. Subsequently, YesCare acquired CHS TX, Inc., but YesCare "is a holding company and is not legally responsible for the liabilities of CHNM." Id. at 3. "All of the YesCare entities operate under the brand name YesCare, but each entity retains its individual corporate structure and separateness and maintains its individual contracts with local county and state governments." Id. Defendants argue that amending the complaint to name YesCare and CHS TX, Inc. would be futile because the "operative legal documentation shows CHNM as the operative responsible services provider under the Agreement." Id. (citing Medical, Dental, Mental Health and Psychiatric Services Professional Services Agreement, ECF No. 124-2; Surety Bond, ECF No. 124-3; Certificate of Liability Insurance, ECF No. 124-4; Termination Agreement, ECF No. 124-5). They argue that the proposed Second Amended Complaint fails to plausibly allege that YesCare or CHS

5

TX, Inc. "actually took over as the responsible party under the Agreement at MDC." Id. at 7. Defendants further argue that Plaintiff's proposed amendment is prejudicial because it would require reopening fact discovery. Id. at 8. They further ague that permitting amendment would be futile because Plaintiff's alter-ego allegations are deficient. Id. at 8-11. They further argue that the attempt to add YesCare and CHS TX, Inc. fails under Rule 15(c) to the extent it is premised on relation back. Id. at 11. Finally, they argue that Plaintiff's cited authorities are distinguishable, and Plaintiff's evidence of corporate blurring is insufficient. Id. at 11-13.

Initially, the Court finds that Plaintiff has established "good cause" under Rule 16(b)(4) to permit amendment beyond the deadline to add parties and amend pleadings. An initial scheduling order requiring initial disclosures was entered on September 20, 2024. ECF No. 41. On October 31, 2024, United States Magistrate Judge Damian L. Martinez issued a Scheduling Order establishing a November 21, 2024 deadline to amend the complaint and join additional parties, and a July 31, 2025 deadline for discovery. ECF No. 49 at 1-2. On August 26, 2025, Judge Martinez extended the discovery deadline to October 29, 2025. ECF No. 106 at 1. On November 12, 2025, Judge Martinez again extended the discovery deadline, this time to March 9, 2026. ECF No. 144. According to the Parties' Joint Motions to Extend Discovery Deadlines, they "have been diligently and consistently exchanging discovery, conferring on discovery disputes, and taking and scheduling depositions." ECF No. 139 at 2; see also ECF No. 99 at 1 (stating that "[t]he Parties diligently have been engaging in discovery practice"). Given that the Parties have diligently engaged in discovery, and given the Plaintiff's Motion is premised on evidence accumulated over the course of discovery, the Court finds that the deadline to amend pleadings and add parties could not be met despite Plaintiff's diligence.

Next, the Court finds that leave to amend is appropriate under Rule 15(a). Defendants do not argue undue delay, bad faith, or dilatory motive on Plaintiff's part, and the Court finds no evidence or inference of such. And the Court is not persuaded that permitting the amendment would prejudice Defendants. In this regard, Defendants appear to argue that they would be prejudiced because the amendment would be untimely and would require reopening fact discovery. Resp. at 8. However, the Court recently granted the Parties' Joint Motion to Continue Trial, rescheduling trial for October 12, 2026. ECF No. 121. Thus, the Court cannot find that Defendants would be prejudiced on timeliness grounds. Furthermore, Judge Martinez just extended the discovery deadline to March 9, 2026. ECF No. 144. Therefore, the Court cannot find that Defendants would be prejudiced by additional discovery.

Next, the Court declines to find that the proposed amendments would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Full Life Hospice, LLC v. Sebelius, 709 F.3d 1012, 1018 (10th Cir. 2013) (quoting Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004)). "Although leave to amend may be denied based on futility alone, courts may decline to consider futility if it would be more appropriately addressed in dispositive motions." Mayor v. Metro. Life Ins. Co., Case No. 1:25-cv-00012, 2025 WL 2194057, at *1 (D. Utah Aug. 1, 2025) (citations omitted). "Particularly where futility arguments duplicate arguments which could be raised in a motion to dismiss, courts have found that addressing futility in a motion to amend 'place[s] the cart before the horse,' and 'defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.'" id. (quoting Obeslo v. Great-W. Cap. Mgmt., LLC, Civil Action No. 16-cv-00230-CMA-MJW, 2017 WL 10591604, at *3 (D. Colo. Feb. 21, 2017), report and recommendation adopted, 2017 WL 10591349 (D. Colo. Mar. 14, 2017)). See also Burns v. State Farm Fire & Cas. Co., Case No.

7

25-2190-JAR-GEB, 2025 WL 2912635, at *2 & n.16 (D. Kan. Oct. 14, 2025) (collecting cases). Here, the Court finds that Defendants' arguments are more appropriately examined in the context of a motion to dismiss or motion for summary judgment filed by YesCare and/or CHS TX, Inc., if they agree with CHNM and Bustamante that the proposed Second Amended Complaint is deficiently pled or factually meritless.

Finally, Defendants do not argue that joinder of YesCare and CHS TX, Inc. would be improper under Rule 19 or 20. Thus, the Court finds that YesCare and CHS TX, Inc. may be properly joined in this action.

## IV.   Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 115, is **GRANTED**; and

2. Plaintiff shall have **FOURTEEN DAYS** from the date of this Order to file the Second Amended Complaint as a separate entry on the docket.[1]

                                            _____
                                            **MARGARET STRICKLAND**
                                            UNITED STATES DISTRICT JUDGE

---

[1] Alternatively, if the reason Plaintiff did not file a reply brief is because she no longer believes that YesCare and CHS TX, Inc. are proper Defendants in this action, she may file a Notice that she wishes to proceed with her Amended Complaint.