IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL HIGGINS, as personal representative
of the Estate of John T. Sanchez,

      Plaintiff,

v.                                                                                      No. 1:24-cv-0167 MIS/DLM

BERNALILLO COUNTY BOARD OF
COMMISSIONERS, JASON JONES, in his
capacity as Chief of the Metropolitan Detention
Center and in his individual capacity, STEPHEN
GABALDON, in his capacity as a jailer at the
Metropolitan Detention Center and in his individual
capacity, CORIZON HEALTH OF NEW MEXICO,
LLC, and Natasha Bustamante,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's (1) Motion to Compel Complete Responses to Plaintiff's Second Set of Interrogatories, Requests for Production, and Requests for Admission (Doc. 171); (2) Motion to Compel Complete Responses to Plaintiff's First Set of Requests for Production to YesCare and CHS TX and Third Requests for Production to Corizon (Doc. 172); (3) Motion for Leave to Propound Additional Requests for Production (Doc. 173); and (4) Motion to Compel Complete Responses to Plaintiff's Subpoena for Documents to Bernalillo County (Doc. 174). Defendants filed a response to only the second motion (Doc. 172). (*See* Doc. 197.) Having considered the motions, the single response, and the relevant law, the Court will **GRANT** Plaintiff's first and third motions (Docs. 171; 173), **GRANT IN PART** the second motion (Doc. 172), and **DENY** the fourth motion (Doc. 174) for the reasons outlined in this Opinion.

## I.    Relevant Factual and Procedural History

This lawsuit arises out of the June 12, 2023 use-of-force incident involving decedent John T. Sanchez at the Bernalillo County Metropolitan Detention Center (MDC) and his resulting death. (*See* Doc. 40 at 1–2 (citing Doc. 29).) Plaintiff filed suit on February 20, 2024, asserting a variety of state and federal claims. (Doc. 1.) Plaintiff filed an Amended Complaint on June 3, 2024 (Doc. 29), and a Second Amended Complaint on December 4, 2025 (Doc. 151).

The Court entered a Scheduling Order on October 31, 2024, setting discovery to end on July 31, 2025. (Doc. 49.) United States District Judge Margaret I. Strickland set trial to begin on December 1, 2025. (Doc. 51.) On July 31, 2025, the parties filed a Joint Motion to Extend Discovery Deadlines by 90 days. (*See* Doc. 95.) The Court denied the motion, noting that the proposed extension would interfere with the trial setting. (*See* Doc. 96.)

On July 25, 2025, the parties filed a Notice of Settlement between Plaintiff and former Defendants Bernalillo County Board of Commissioners (Bernalillo County), Jason Jones, and Stephen Gabaldon (the County Defendants). (*See* Doc. 94.) The Court granted the parties' joint motion to appoint a guardian ad litem and set a fairness hearing. (*See* Docs. 93; 98.) The Court dismissed the County Defendants pursuant to the settlement in October 2025. (*See* Docs. 134–37; 141–42.)

On August 7, 2025, the parties filed a Joint Motion to Extend Discovery Deadlines, Case Management Deadlines, and Trial. (Doc. 99.) They asserted that good cause existed for the extension on the basis that the parties had been diligently engaging in discovery. (*See id.* at 1.) The undersigned held a hearing on the motion and entered an order granting the motion in part. (*See* Docs. 105–06.) The Court extended discovery to October 29, 2025, and ordered the parties to file a separate motion regarding the trial setting. (*See* Doc. 106.) The parties then filed a separate joint

motion to continue the trial, which the Court granted, resetting trial to begin October 12, 2026. (Docs. 120–21.)

On October 29, 2025, Plaintiff filed a Joint Motion to Extend Discovery Deadlines, seeking a five-month extension due to outstanding discovery needs and the holiday season. (*See* Doc. 139 at 1.) In the motion, Plaintiff averred that since August 2025, "the Parties have been diligently and consistently exchanging discovery, conferring on discovery disputes, and taking and scheduling depositions." (*Id.* at 2.) Plaintiff further stated that "the Parties have made considerable efforts to move this case along as quickly as possible, and the requested discovery extension is an unavoidable result of the time necessary to account for discovery review, scheduling conflicts, the holiday seasons, and the conferral process." (*Id.* at 3.) The Court granted the motion to extend in part, finding that a five-month extension would interfere with the trial setting, and resetting discovery to end on March 9, 2026. (*See* Doc. 144.)

On November 24, 2025, the Court allowed Plaintiff to file a Second Amended Complaint, adding YesCare and CHS TX, Inc. as defendants. (*See* Docs. 115; 148.) Plaintiff filed the operative Second Amended Complaint on December 4, 2025. (*See* Doc. 151.)

On January 21, 2026, Elise Funke, counsel for Plaintiff, emailed the undersigned's chambers and requested an informal discovery conference to compel Defendants to timely and meaningfully engage in discovery. On the same day, Corizon filed a Motion for Extension of Time to Complete Discovery. (Doc. 158.) Corizon alleged that "Plaintiff served a second set of written discovery requests on Corizon" on October 1, 2025. (*See id.* at 1 (citing Doc. 130).) Corizon stated that responsive documents are maintained off-site and asked for an extension to respond. (*See id.*) The Court set an informal discovery hearing on the motion. (*See* Doc. 159.) Although Corizon withdrew the motion the following day (*see* Doc. 160), counsel for Plaintiff informed the Court

via email that the discovery hearing was still necessary.

At the January 28, 2026 discovery conference, Funke raised several discovery issues. (*See* Doc. 161 at 1.) The Court advised counsel on some issues and, at defense counsel Kimberly Huson's request, directed counsel to brief the remaining issues. (*See id.* at 1–4.)

On March 16, 2026, Plaintiff filed the four discovery motions at issue here. (Docs. 171–74.) On April 9, 2026, 10 days past the deadline to file a response brief, Defendants responded to the second motion.[1] (*See* Doc. 197.) Defendants have not responded to the remaining motions.

## II. Analysis

### A. Motion to Compel Complete Responses to Plaintiff's Second Set of Interrogatories, RFPs, and RFAs (Doc. 171)

The Court will grant Plaintiff's first motion to compel. Corizon's failure to respond to the motion "constitutes consent to grant the motion." *See* D.N.M. LR-Civ. 7.1(b). Moreover, Plaintiff has established that Corizon's answers were untimely and incomplete. Corizon offers no explanation for its delay, and nothing in the record suggests substantial justification.

A party may move for an order to compel discovery after providing notice and conferring or attempting to confer in good faith with the other party. Fed. R. Civ. P. 37(a)(1). "The party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete." *City of Las Cruces v. United States*, No. 2:17-cv-0809 JCH/GBW, 2021 WL 5207098, at *7 (D.N.M. Nov. 9, 2021) (quoting *Duran v. Donaldson*, No. 1:09-cv-0758 BB/DJS, 2011 WL 13152655, at *2 (D.N.M. June 2, 2011)) (citing *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976)). Rule 33(b)(4) provides that "[a]ny ground not stated in a timely

---

[1] Defendants' response brief, filed on April 9, 2026, was untimely. *See* D.N.M. LR-Civ. 7.4(a). Defendants filed a belated Notice of Stipulated Extension of Time to File Response to [Doc. 172] five days after they filed their response brief. (*See* Doc. 200.) The Local Rules provide that a party's failure "to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). Thus, notices for extensions are ordinarily filed *before* the deadline to respond has run. In the future, counsel shall take care to file notices of agreed extensions in advance of the deadline to respond or reply.

objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "While Rule 34 does not contain" the same explicit waiver language regarding requests for production (RFPs), "courts have held that such a waiver is implied." *Brunson v. McCorkle*, No. 2:11-cv-1018 JCH/LAM, 2013 WL 12333491, at *1 (D.N.M. Jan. 4, 2013) (gathering cases); *see also Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007) (same).

Requests for admission (RFAs) are not subject to motions to compel. *See T.H., Plaintiff, v. Martinez*, No. 2:24-cv-0887 MIS/KRS, 2026 WL 752643, at *11 (D.N.M. Mar. 17, 2026); *see also Gutierrez v. Uni Trans, L.L.C.*, No. 1:21-cv-0073 KWR/SCY, 2022 WL 16923973, at *1 (D.N.M. Nov. 14, 2022) (quoting *Ash Grove Cement v. Emps. Ins. of Wausau*, No. 05-cv-2339 JWL, 2007 WL 2333350, at *2 (D. Kan. Aug. 16, 2007)). If the Court finds that responses to RFAs are insufficient, however, "it may order the matter admitted, or order the party to serve amended answers." *Id.* (quoting *Cont'l Cas. Co. v. Brummel*, 112 F.R.D. 77, 81 (D. Colo. 1986)).

Plaintiff served her second set of discovery requests on Corizon on September 29, 2025. (*See* Doc. 171 at 1–2 (citing Doc. 171-1).) The requests at issue include three interrogatories, five RFPs, and three RFAs. (*See id.* (citing Doc. 171-1 at 1–7).) "At defense counsel's request, on October 21, 2025, the parties conferred on the discovery" requests. (*See id.* at 3.) "Defense counsel represented that the majority of the . . . second discovery requests" were not objectionable. (*See id.*) Defense counsel asked for "a few weeks' extension to respond to" the requests. (*See id.* (citing Docs. 171-7–8).) On December 18, 2025, defense counsel asked for more time—through January 16, 2026—to respond to the discovery requests. (*See id.* at 3–4 (citing Docs. 171-5–7).) Plaintiff's counsel agreed to the extension. (*See id.* at 4 (citing Doc. 171-7).)

January 16, 2026, came and went, and Corizon failed to turn over discovery responses. (*See id.*) When prompted by an email from Plaintiff's attorney, Corizon produced two pages of

documents and objected to all other requests. (*See id.* (citing Docs. 171-7–8).) Plaintiff asks the Court to compel Corizon to respond to the requests, as it waived its objections by failing to meet its self-imposed deadline. (*See id.* at 6–9.)

"It is well established that all objections to discovery requests must be timely or they are waived, unless the court excuses the failure to object for good cause." *Lucero*, 240 F.R.D. at 593 (citations omitted). Corizon makes no attempt to demonstrate good cause for its repeated failures to respond to the discovery requests. Accordingly, the Court will order Corizon to fully respond to all requests no later than **May 8, 2026**.

> The Court will also award Plaintiff's reasonable expenses.
>
> Pursuant to Rule 37(a)(5), if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

*Alsaadi v. Saulsbury Indus., Inc.*, No. 2:23-cv-0291 KG/KRS, 2024 WL 361367, at *2 (D.N.M. Jan. 31, 2024) (quoting Fed. R. Civ. P. 37(a)(5)(A)). Plaintiff attempted to confer prior to filing the motion, Corizon's failure to timely respond was not substantially justified, and Corizon demonstrates no circumstances that make an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). Corizon's repeated delays—including multiple extension requests, failure to meet its own agreed-upon deadline, and minimal production—further support an award of expenses under Rule 37(a)(5).

Plaintiff shall, no later than **May 11, 2026**, file an affidavit itemizing her reasonable attorney's fees and costs incurred in bringing this motion. Objections to the claimed fees and costs are due within **five business days** of the affidavit.

**B.    Motion to Compel Complete Responses to Plaintiff's First Set of RPFs to YesCare and CHS TX and Third RFPs to Corizon (Doc. 172)**

The Court will grant in part Plaintiff's second motion to compel. Plaintiff moves the Court to compel Defendants "to fully and substantively respond" to RFPs propounded on February 6, 2026. (*See* Doc. 172 at 1–2.) Plaintiff asserts that Defendants failed to timely respond or seek an extension, thus waiving all objections to the RFPs. (*See id.*) In its belated response, Defendants ask the Court to deny the motion because they "responded to Plaintiff's discovery requests and provided requested documents." (*See* Doc. 197 at 1.) Plaintiff counters in her reply brief, however, that Defendants' responses were both untimely and inadequate. (*See* Doc. 213 at 3.)

Plaintiff propounded the RFPs at issue on February 6, 2026. (*See* Doc. 172 at 2 (citing Doc. 172-1).) The requests stated that responses were due within 30 days, or by March 9, 2026. (*See id.* (citing Docs. 172-2–172-4).) On March 16, 2026, with no response from Defendants, Plaintiff filed this motion to compel. (*See id.*) Defendants provided their belated responses to the RFPs on March 27, 2026. (*See* Doc. 213-1 at 1.) The responses are riddled with objections. (*See id.* at 3–32.) Defendants filed an untimely response brief to the motion to compel on April 9, 2026. (Doc. 197.) Pursuant to a timely-filed stipulated extension of time (*see* Doc. 198), Plaintiff replied on April 30, 2026 (Doc. 213).

The Court agrees with Plaintiff that Defendants waived their objections to the RFPs by filing untimely responses. *See Brunson*, 2013 WL 12333491, at *1; *Lucero*, 240 F.R.D. at 593. Defendants offer no explanation that would allow the Court to find good cause for their failure to timely respond. (*See* Doc. 197.) Accordingly, the Court will grant in part Plaintiff's motion and require Defendants to fully and substantively respond to the RFPs no later than **May 8, 2026**.

On the other hand, the Court will deny the request for expenses related to this motion. (*See* Doc. 172 at 4.) Plaintiff does not establish that she attempted to confer with Defendants prior to

filing the motion to compel. (*See* Doc. 172 at 1–2.) Rule 37 provides that "the court must **not** order [the] payment [of reasonable expenses incurred in filing a motion to compel] if . . . the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action . . . ." Fed. R. Civ. P. 37(a)(5)(A)(i) (emphasis added). Plaintiff asserts no facts to show that she conferred with Defendants regarding the missing responses before filing this motion. (*See* Doc. 172.) In fact, Defendants allege that "Plaintiff has not sent any deficiency letters or otherwise conferred with Defendants regarding the adequacy of Defendants' responses to Plaintiff's discovery." (*See* Doc. 197 at 1.) Plaintiff does not specifically dispute this assertion in her reply. (*See, e.g.*, Doc. 213 at 3.) Consequently, the Court will deny the request for expenses.

### C.    Motion for Leave to Propound Additional RFPs (Doc. 173)

The Court will grant Plaintiff's request to serve additional RFPs on Defendants. (Doc. 173.) Plaintiff alleges that she "is still scheduling and taking depositions of Defendants' witnesses" due to Defendants' "dilatory tactics" in this case. (*See id.* at 2.) In the February 23, 2026 deposition of a supervisor, Plaintiff learned that Defendants' Patient Safety Committee conducted an investigation into Sanchez's death, corresponded and exchanged documents about his death, and created a report. (*See id.* (citing Doc. 173-1 at 108:13–111:24).) Plaintiff asks the Court for "leave to request related documents in an RFP directed to [Defendants] . . . ." (*See id.*)

The Court agrees that such documents are relevant to Plaintiff's claims. Moreover, Defendants' failure to respond "constitutes consent to grant the motion." *See* D.N.M. LR-Civ. 7.1(b). Plaintiff shall serve the RFP as outlined in the motion no later than **May 11, 2026**, and Defendants shall respond within the time allowed under the rules.

### D.    Motion to Compel Complete Responses to Plaintiff's Subpoena for Documents to Bernalillo County (Doc. 174)

The Court will deny Plaintiff's motion to compel responses to a subpoena served on

Bernalillo County. (Doc. 174.) The relevant facts are as follows. Bernalillo County was dismissed as a defendant from this lawsuit on October 31, 2025. (*See* Doc. 142.) "On February 23, 2026, Plaintiff served a subpoena to produce documents in this matter on Bernalillo County." (*See* Doc. 174 at 1 (citing Docs. 165; 174-1).) "[O]n March 10, 2026, the Metropolitan Detention Center Public Records Manager emailed Plaintiff's counsel to request additional time to respond to the subpoena." (*Id.* at 1–2 (citing Doc. 174-2).) Plaintiff filed this motion on March 16, 2026. At that time, neither Bernalillo County nor any defendant had objected to the subpoena, nor has any entity filed a response brief. (*See id.*)

Because Bernalillo County has been dismissed as a party from this lawsuit, it is now treated as "a non-party for discovery purposes . . . ." *See Simon v. Taylor*, No. 1:12-cv-0096 JB/WPL, 2014 WL 6633917, at \*21 (D.N.M. Nov. 18, 2014), *aff'd*, 794 F. App'x 703 (10th Cir. 2019). "Federal Rule of Civil Procedure 45 governs subpoenas issued to nonparties." *Heaton v. Gonzales*, No. 1:21-cv-0463 JCH/KK, 2022 WL 772923, at \*2 (D.N.M. Mar. 14, 2022) (citing Fed. R. Civ. P. 45; Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."); *Simon*, 2014 WL 6633917, at \*14 ("Discovery of non-parties must be conducted by subpoena pursuant to [Rule] 45.")).

The Court finds that Rule 45 does not authorize an order compelling Bernalillo County to comply with Plaintiff's subpoena. Rule 45(d)(2)(B)(i) provides:

(d) *Protecting a Person Subject to a Subpoena; Enforcement*. . . .

(2) *Command to Produce Material or Permit Inspection*. . . .

(B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be

9

> served before the earlier of the time specified for compliance or 14 days after the subpoena is served. *If an objection is made*, the following rules apply:
>
> > (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

*Cruz v. AerSale, Inc.*, No. 2:22-cv-0857 GJF/KRS, 2025 WL 1426884, at *3 (D.N.M. May 16, 2025) (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)). "By its plain language, an order compelling compliance pursuant to this provision is permitted only '[i]f an objection is made.'" *Id.* (citation omitted).

The subpoena required a response "[b]efore Tuesday, March 10, 2026." (*See* Doc. 174-1 at 3.) On that date, a representative asked for more time to respond, but there is no indication that Bernalillo County has either objected or responded to the subpoena. (*See* Doc. 174 at 1–2 (citing Doc. 174-2).) "[A]lthough Rule 45(d)(2)(B) generally applies to parties' efforts to obtain written or document discovery from third parties through a subpoena, Rule 45(d)(2)(B) by its own terms applies only where the third party makes objections. And, here, no objections were served." *See Cruz*, 2025 WL 1426884, at *3 (quotation omitted). As a result, Rule 45(d)(2)(B)(i) does not apply, and Plaintiff's "only avenue of relief for [Bernalillo County's] failure to respond to the subpoena is under Rule 45(g), which permits a court to 'hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it[.]'" *Id.* (quoting Fed. R. Civ. P. 45(g)) (citing *Bds. of Trs. of Cement Masons & Plasterers Health & Welfare Tr. v. Sound Floors Gypsum Concrete LLC*, No. 2:20-cv-1307 RAJ, 2021 WL 4307069, at *2 (W.D. Wash. Sept. 22, 2021)). "The 'proper means' for [Plaintiff] to seek relief under Rule 45(g) is to file 'a motion for an Order to Show Cause . . . why [Bernalillo County] . . . should not be held in contempt of court.'" *Id.* (quoting *United States v. R.J. Zavoral & Sons, Inc.*, No. 12-cv-0668

10

MJD/LIB, 2014 WL 12756820, at *5 (D. Minn. Jan. 17, 2014)) (citing *Bowers v. Mortg. Elec. Registration Sys., Inc.*, No. CIV. A. 10-4141 JTM, 2011 WL 6739588, at *2 (D. Kan. Dec. 22, 2011)). As Plaintiff neither seeks an order to show cause nor a contempt order, she "fails to invoke Rule 45(g)" and the Court will deny her motion. *See id.*

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Complete Responses to Plaintiff's Second Set of Interrogatories, Requests for Production, and Requests for Admission (Doc. 171) is **GRANTED**. Corizon shall fully respond to all discovery requests at issue in this motion no later **May 8, 2026**. Plaintiff shall, no later than **May 11, 2026**, file an affidavit itemizing her reasonable attorney's fees and costs incurred in bringing this motion. Objections to the claimed fees and costs are due within **five business days** of the affidavit.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Complete Responses to Plaintiff's First Set of Requests for Production to YesCare and CHS TX and Third Requests for Production to Corizon (Doc. 172) is **GRANTED IN PART**. Defendants shall fully and substantively respond to the RFPs no later than **May 8, 2026**. The Court **DENIES** Plaintiff's request for fees and costs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Propound Additional Requests for Production (Doc. 173) is **GRANTED**. Plaintiff shall serve the RFP as outlined in the motion no later than **May 11, 2026**, and Defendants shall respond within the time allowed under the rules.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Complete Responses to Plaintiff's Subpoena for Documents to Bernalillo County (Doc. 174) is **DENIED**.

**IT IS FURTHER ORDERED** that, no later than **May 5, 2026**, Defendants may file a motion to stay or extend these deadlines, given the pending Motion to Withdraw (*see* Doc. 209).

11

**IT IS SO ORDERED.**

_____

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE