**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RACHEL HIGGINS,
as Personal Representative of,
THE ESTATE OF JOHN T. SANCHEZ,

Plaintiff,

v. No. 1:24-cv-0167 MIS/DLM

BERNALILLO COUNTY BOARD OF COMMISSIONERS, JASON JONES, in his capacity as Chief of the Metropolitan Detention Center and in his individual capacity, STEPHEN GABALDON, in his capacity as a Jailer at the Metropolitan Detention Center and in his individual capacity, CORIZON HEALTH OF NEW MEXICO, LLC, CHS TX, INC., YESCARE CORP., and NATASHA BUSTAMANTE

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court *sua sponte* on the issue of whether the automatic bankruptcy stay applicable to Defendants CHS TX, Inc., Corizon Health of New Mexico LLC, and YesCare Corp. (collectively, Debtor Defendants) pursuant to 11 U.S.C. § 362(a) also applies to Defendant Natasha Bustamante. The parties have submitted supplemental briefing: Plaintiff Rachel Higgins opposes application of the stay, whereas Bustamante supports application of the stay. For the reasons stated below, the Court will not stay the action under 11 U.S.C. § 362(a) against Bustamante but will exercise its inherent power to stay proceedings for judicial economy.

## I. Relevant Background

Higgins, in her capacity as Personal Representative of the Estate of John T. Sanchez, brought this prisoner civil rights action relating to the death of Sanchez while he was in custody at

the Metropolitan Detention Center. In the Second Amended Complaint, Higgins alleges that Bustamante, who was employed as a nurse by the Debtor Defendants, failed to adequately treat Sanchez after Defendant Stephen Gabaldon slammed Sanchez's head into a concrete floor. (Doc. 151 ¶¶ 9–12.) Higgins brought claims against Defendants Bernalillo County Board of Commissioners, Jason Jones, and Gabaldon (*see id.* ¶¶ 85–141), which were dismissed with prejudice in October 2025 (Docs. 136–37; 142).

The only claim brought against Bustamante, Count XI, alleges that Bustamante was deliberately indifferent to Sanchez's obvious need for medical care. (Doc. 151 ¶ 176.) Higgins brought Count XI against the Debtor Defendants as well on the basis that they "are responsible for ensuring that [their] employees do not violate anyone's constitutional rights while those employees are operating within their course and scope of their employment." (*Id.* ¶ 168.) Additionally, Higgins brought numerous additional claims against the Debtor Defendants: medical malpractice, negligence, and respondeat superior claims (Count VII) negligent operation of a medical facility (Count VIII), negligent hiring, training, and supervision (Count IX), *Monell* liability (Count XII), and negligent medical care resulting in death (Count XIII). (*Id.* ¶¶ 142–160; 177–198.)

The Debtor Defendants and Bustamante filed a joint motion for summary judgment on March 30, 2026, seeking summary judgment on Counts VIII, IX, XI, and XII. (Doc. 191.) Higgins filed a response in opposition. (Doc. 224.) Defendants did not file a reply brief.

On May 12 and May 14, 2026, the Debtor Defendants filed Suggestions of Bankruptcy, in which they asserted that the entire action was stayed by operation of 11 U.S.C. § 362. (Doc. 229; 231.) On June 12, 2026, the Court *sua sponte* ordered Higgins and Bustamante to meet and confer regarding whether it is appropriate to stay this entire action and to submit briefing if the parties disagree. (Doc. 236.) Higgins submitted briefs in opposition to extending the stay to Bustamante

(Docs. 238; 240), and Bustamante submitted briefs in support of extending the stay (Docs. 239–40).

## II. Analysis

### A. The Court will not stay the proceedings against Bustamante pursuant to 11 U.S.C. § 362(a).

Section 362(a)(1) automatically stays "the commencement or continuation . . . of . . . [an] action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case . . . ." 11 U.S.C. § 362(a)(1). "But 'an automatic stay generally does not stay litigation as to [solvent] co-defendants of the bankrupt.'" *Warren Real Est. Holdings, Inc. v. Sinclair Constr. Grp., Inc.*, No. 24-cv-1289 SLP, 2026 WL 1383409, at *1 (W.D. Okla. May 18, 2026) (quoting *Meier v. Chesapeake Operating L.L.C.*, 778 F. App'x 561, 561 (10th Cir. 2019)). "The Tenth Circuit has, however, recognized a narrow exception to this general rule which permits a stay to be expanded to include solvent co-defendants under 'unusual circumstances.'" *Id.* (citing *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994); *Dixie Aire Title Servs., Inc. v. SPW, L.L.C.*, 389 B.R. 222, 225 (W.D. Okla. 2008)). "An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *Maguire-O'Hara Constr., Inc. v. Cool Roofing Sys., Inc.*, No. 19-cv-0705-R, 2020 WL 674442, at *1 (W.D. Okla. Feb. 11, 2020) (quotation omitted). Further, "the narrow exception may apply if the bankruptcy proceedings would be adversely impacted if the case is not stayed as to the debtor's codefendants or if the stay would contribute to the debtor's efforts to reorganize." *Robert W. Thomas & Anne McDonald Thomas Revocable Tr. v. Inland P. Colo., LLC*, No. 11-cv-3333 WYD-KLM, 2013 WL 708493, at *3 (D. Colo. Feb. 26, 2013) (citations omitted) (staying the entire action where unjust enrichment claims were premised on the same facts and evidence would

be identical). Courts have also considered whether the debtor is an "indispensable party" to the litigation in determining whether the automatic stay applies to non-debtor co-defendants. *See, e.g.*, *Martin v. Tap Rock Res., LLC*, 519 F. Supp. 3d 961, 966–70 (D.N.M. 2021); *Matter of James Wilson Assocs.*, 965 F.2d 160, 170 (7th Cir. 1992) (explaining that the exception may exist where "the debtor is an indispensable party, protected by the stay from involvement in the litigation, the litigation cannot proceed in his absence and therefore must be stayed as against the third party").

The Tenth Circuit has not addressed whether the district court has authority to determine whether the automatic bankruptcy stay under 11 U.S.C. § 362(a)(1) applies to non-debtor co-defendants or whether the authority rests solely with the bankruptcy court. *See, e.g.*, *Leach v. SkyWi, Inc.*, No. 1:09-cv-1050 BDB/WDS, 2010 WL 11618808, at *1 (D.N.M. Oct. 13, 2010) (finding that the Tenth Circuit was silent on the issue and the district had not specifically determined the issue).[1] While New Mexico district courts have found that the district court and bankruptcy court possess concurrent jurisdiction, they have also routinely determined that the bankruptcy court is better suited to determining whether to extend a stay. *See Warren Real Est. Holdings, Inc.*, 2026 WL 1383409, at *1; *Imming v. De la Vega*, No. 2:23-cv-0378 GJF/DLM, 2024 WL 4581504, at *1 (D.N.M. Oct. 25, 2024); *Leach*, 2010 WL 11618808, at *2. This is because the bankruptcy court "is in a better position to assess the impact of litigation against a solvent co-defendant and to decide whether an extension of the stay to such defendants will advance the purposes of § 362 by protecting the debtor and the bankruptcy estate." *Leach*, 2010 WL 11618808, at *2 (citation omitted).

[1] Further, it is not settled law whether the automatic stay can simply be found to apply to non-debtors after determining unusual circumstances apply or whether the stay must be extended through the bankruptcy court's powers under 11 U.S.C. § 105. *See In re Jefferson Cnty., Ala.*, 491 B.R. 277, 284 (Bankr. N.D. Ala. 2013) (collecting cases); *Patton v. Bearden*, 8 F.3d 343, 348–49 (6th Cir. 1993) (finding the § 362(a)(1) stay applies to actions against non-debtors only if the debtor commences an adversary proceeding and obtains an extension of the stay and an injunction pursuant to § 105(a) of the Bankruptcy Code).

Here, Bustamante has not shown that this lawsuit falls squarely into any of the "unique circumstances" that courts have previous recognized. Rather, she argues that the stay should be extended because the Debtor Defendants are "indispensable parties" due to nature of Higgins's claims and the unity of interests between Bustamante and the Debtor Defendants. (Doc. 239 at 4–6.) Whether a party is indispensable turns on whether they are a necessary party under Federal Rule of Civil Procedure 19. Under Rule 19(a), a

> party is necessary to a suit if: (1) "in that person's absence, the court cannot accord complete relief among the existing parties" or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either "as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

*Alabama-Quassarte Tribal Town v. United States*, 899 F.3d 1121, 1123 (10th Cir. 2018) (quoting Fed. R. Civ. P. 19(a)).

Bustamante has not argued that the Debtor Defendants qualify as necessary parties under Rule 19, and the Court finds that they are not. Higgins brought only one claim against Bustamante, and complete relief on that claim can be determined and provided without inclusion of the Debtor Defendants. Instead, Bustamante argues that the Debtor Defendants are indispensable parties because Higgins also brought a respondeat superior claim against the Debtor Defendants based on Bustamante's conduct as their employee. Bustamante relies on *Turman v. Ameritruck Refrigerated Transp., Inc.*, No. 99-2325 JWL, 2001 WL 135843 (D. Kan. 2001). (*See* Doc. 239 at 5.) In that case, the plaintiffs sought to bring wrongful death claims against a truck driver and on his employer based on respondeat superior liability. *See Turman*, 2001 WL 135843, at *2. The employer had previously filed for bankruptcy and the bankruptcy court entered an order precluding litigation against any present or former drivers. *Id.* The district court found that the bankruptcy court had

jurisdiction to enter the stay, such that the statute of limitations was tolled as to claims against both the driver and the employer during that time. *Id.*

While Higgins has brought a respondeat superior claim brought against the Debtor Defendants in Count VII, respondeat superior liability is not relevant to the Fourteenth Amendment deliberate indifference claim brought against Bustamante in Count XI. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, (1978) ("In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."); *West v. Atkins*, 487 U.S. 42, 54, n.12 (1988). Accordingly, the Court disagrees that Higgins's inclusion of respondeat superior claims makes the Debtor Defendants "indispensable" parties to the Fourteenth Amendment deliberate indifference claim against Bustamante in her individual capacity.

Bustamante also argues that unusual circumstances are present here because the Debtor Defendants maintained insurance that may indemnify her, such that "[a]ny judgment or findings against [her] could trigger coverage disputes, policy exhaustion issues, or subrogation claims directly impacting the bankruptcy estates." (Doc. 239 at 6.) Higgins, however, points out that Bustamante maintained her own coverage. (Doc. 238 at 3–4 (citing Doc. 238-1).) Absolute indemnity may not be required. *See In re Jefferson Cnty., Ala.*, 491 B.R. 277, 289 (Bankr. N.D. Ala. 2013) ("[A]bsolute indemnity is not required for the unusual circumstances exception to apply. Rather, the 'possibility' of a right of indemnification is sufficient.") (citations omitted). Yet the existence of separate coverage impacts the analysis as to whether the bankruptcy estate will be directly impacted. *See Leach*, 2010 WL 11618808, at *3, n.3 (noting that an indemnity agreement existed between the debtor defendant and co-defendants, but finding the existence of insurance coverage for the co-defendants along with "[t]he fact that the defense [was] currently being

provided under a reservation of rights" made the circumstances insufficient "to justify the extension of the stay"). Bustamante complains that "[Higgins]'s leap from 'a policy exists' to 'any judgment would be paid by that policy and would not affect the bankruptcy estates' is unsupported." (Doc. 241 at 2.) However, separate insurance, at a minimum, mitigates the potential that proceeding against Bustamante will result in additional claims against the bankruptcy estate.

Overall, the Court finds that Bustamante has not met her burden of showing that continuing litigation will adversely impact the bankruptcy proceedings such that the automatic stay applies against the litigation proceeding solely against her. Importantly, extending the automatic stay is for the benefit of the bankruptcy estate, not the non-debtor co-defendant. *See Martin*, 519 F. Supp. 3d at 966, 970 ("In the extraordinary instances where the bankruptcy stay is extended, the debtor generally makes the request based on their own reorganization efforts.") (citation omitted). The Debtor Defendants' position on this matter has not been presented in this Court.[2] Bustamante or the Debtor Defendants can pursue an extension of the automatic stay in the Debtor Defendants' bankruptcy proceedings if either believes continuing this case against Bustamante will harm the bankruptcy estate. On this record, the Court does not find unusual circumstances are present that warrant extending the stay under 11 U.S.C. § 362(a).

---

[2] The Court notes that similarly situated employees and former employees of the Debtor Defendants have recently unsuccessfully sought within the bankruptcy proceeding a general stay of lawsuits brought against them in federal and state courts in Maryland. *See In re CHS FL, LLC*, No. 2:26-bk-1087 FMR, Hr'g Proc. Memo (Bankr. M.D. Fla. Sept. 16, 2026); *see also id.*, Expedited Mot. to Extend Automatic Stay (Sept. 8, 2026). In those proceedings, the bankruptcy trustee argued that only a narrowly tailored stay would be appropriate based on unique circumstances in individual cases. *See id.*, *Ltd. Resp. to Expedited Mot. to Extend Automatic Stay* (Sept. 15, 2026). While not dispositive of the issue here, the Court finds that these proceedings further support the Court's finding that the bankruptcy court is in the best position to evaluate the Debtor Defendants' interests in extending the stay. This action is one of many similar lawsuits the Debtor Defendants are facing, and the Court finds it should defer to the bankruptcy court's decisions on this matter to avoid inconsistent results.

**B. The Court finds a discretionary stay is appropriate.**

Nonetheless, a court may exercise its inherent power to stay proceedings to provide economy of time and effort for the Court itself and for counsel and litigants appearing before the Court. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "Whether to issue a discovery stay depends greatly on each case's facts and progress." *Green v. Padilla*, 697 F. Supp. 3d 1115, 1177 (D.N.M. 2023). Courts have considered "(1) whether the stay would promote judicial economy; (2) whether the stay would avoid confusion and inconsistent results; and (3) whether the stay would unduly prejudice the parties or create undue hardship." *Asarco, LLC v. Noranda Mining, Inc.*, No. 2:12-cv-0527 DBB, 2022 WL 17177625, at *4 (D. Utah Nov. 23, 2022) (quotations omitted). "A party 'generally faces a difficult burden' to show that a stay is required." *Id.* (quotations omitted).

Staying the proceedings here would promote judicial economy. Bustamante is correct that the respondeat superior claim and Higgins's other claims against the Debtor Defendants are related to Bustamante's conduct and "creates a unity of interest." (Doc. 239 at 5.) The claims against Bustamante and the Debtor Defendants arise out of the same incident. While the claims against the Debtor Defendants are more expansive, the witnesses and documentary proof necessary for the Fourteenth Amendment deliberate indifference claim against Bustamante will also be relevant to the claims against the Debtor Defendants. Potentially proceeding with the claims in separate trials or actions would be an inefficient use of judicial resources, as well as an inefficient use of the time and resources of the parties and witnesses. *See Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2017 WL 5889715, at *6 (N.D. Tex. Nov. 29, 2017) (finding temporarily staying the case against all non-debtor co-defendants was necessary where the claims "arise out of the same transactions or occurrences, present common questions of law and fact, and

will involve at least many of the same witnesses and documentary proof, such that judicial economy would not be facilitated by resolving them in separate actions and potentially with separate trials").

Staying the proceedings will also avoid inconsistent results that could occur if two different juries decided the matter. The claims against both Bustamante and the Debtor Defendants require findings regarding whether the medical care Sanchez received was adequate. Proceeding separately could result in inconsistent findings with one proceeding finding Bustamante's conduct was constitutionally adequate and another finding she was deliberately indifferent.

Finally, the Court does not find that a stay would impose undue hardship or prejudice on any party. Higgins alleges that delaying this case during the bankruptcy proceedings could take years. She argues that this delay could make potential witnesses unavailable, causing her to rely on reading deposition testimony at trial instead of presenting witnesses in person and conducting cross-examinations. (Doc. 238 at 7–8.) Nonetheless, it is already true that Higgins will need to delay pursuing her claims against the Debtor Defendants due to the bankruptcy stay. The Court does not find that the additional hardship and prejudice outweigh the other factors. Moreover, while the Debtor Defendants' potential indemnity obligations are insufficient on their own to justify a stay under 11 U.S.C. § 362(a), they support applying a discretionary stay. For these reasons, the Court finds that there is not good cause to proceed without the Debtor Defendants, and it will stay this case pending a lifting of the bankruptcy stay.

**IT IS THEREFORE ORDERED** that this matter is **STAYED** pursuant to the Court's inherent case management powers pending the lifting of the bankruptcy stay of the Debtor Defendants in *In re: CHS FL, LLC*, 2:26-bk-1087-FMR (M.D. Fl. Bankr.).

**IT IS SO ORDERED.**

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE